IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TILDA GARCIA,

       Plaintiff,

v.                                          No. CV 16-1034 CG

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Tilda Garcia's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum*, (Doc. 17), filed May 1, 2017; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision*, (Doc. 19), filed June 23, 2017; and Ms. Garcia's *Reply in Support of Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum*, (Doc. 20), filed July 14, 2017.

On September 21, 2012, Ms. Garcia protectively filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging disability beginning July 2, 2011. (Administrative Record "AR" 96-97). Ms. Garcia's applications were denied initially on May 29, 2013, (AR 110), and upon reconsideration on October 11, 2013, (AR 123). Ms. Garcia requested a hearing on December 9, 2013, (AR 138), which was held before Administrative Law Judge ("ALJ") Karen Wiedemann on January 15, 2015, (AR 53-83). At the hearing, Crystal D. Younger, an impartial vocational expert ("VE"), testified, and Dennis Lopez, a non-attorney representative, represented Ms. Garcia.

On March 27, 2015, ALJ Wiedemann issued her decision finding Ms. Garcia not disabled and denying her DIB and SSI. (AR 34-47). On May 20, 2015, Ms. Garcia requested review by the Appeals Council, (AR 25), which the Appeals Council denied on July 15, 2016, (AR 1-4). Through new counsel, Ms. Garcia subsequently appealed to this Court.

Ms. Garcia now argues ALJ Wiedemann committed two reversible errors: first, by failing to give good reasons for rejecting the opinion of Richard Fink, Ph.D.; and second, by failing to account for moderate limitations assessed by Don Johnson, Ph.D. (Doc. 17 at 2). The Court has reviewed the Motion, Response, Reply, and relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the ALJ failed to provide good reasons supported by the record for the weight she assigned Dr. Fink, the Court finds the Motion is well-taken and should be **GRANTED**.

**I.    Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008); *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The ALJ's failure to apply the correct legal standards or demonstrate that he has done so is grounds for reversal. *Winfrey v. Chater*, 92 F.3d 1017, 1019

(10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting" it. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015), 42 U.S.C. § 1382c(a)(3)(A) (2004); 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *see Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five the Commissioner must show the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III.     Background

Ms. Garcia applied for SSI and DIB claiming post-traumatic stress disorder, panic attacks, bipolar disorder, depression, and pain in her left foot limited her ability to work. (AR 96). At step one, the ALJ determined Ms. Garcia had not engaged in substantial gainful activity since the alleged disability onset date. (AR 36). At step two, the ALJ found Ms. Garcia has the following severe impairments: bipolar disorder, schizoaffective disorder, anxiety, and polysubstance abuse in early remission. *Id*. At step three, the ALJ

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

concluded none of Ms. Garcia's impairments, singly or in combination, met or medically equaled the severity of a Listed impairment. (AR 37).

Before proceeding to step four, the ALJ found Ms. Garcia has the RFC to perform a full range of work at all exertional levels; understand, remember, and execute simple instructions; maintain attention and concentration for at least two hours at a time; persist and remain on pace for simple tasks; and interact with others on a brief, superficial level, meaning occasional contact with the public and co-workers. (AR 38). In the ensuing discussion, the ALJ thoroughly discussed Ms. Garcia's testimony and medical history. (AR 39-44). Regarding Dr. Fink, the ALJ quoted his conclusions verbatim. (AR 41). Dr. Fink opined that Ms. Garcia appeared to have limitations regarding memory and sustained concentration, staying on task and concentrating through a full shift, and working with coworkers and supervisors. *Id.* However, the ALJ assigned Dr. Fink's opinion only "partial weight to the extent that it is consistent with" Ms. Garcia's RFC. (AR 44). The ALJ believed Dr. Fink based his opinion on Ms. Garcia's statements, rather than any evidence, and that Dr. Fink's assessment did not support his assessed limitations. (AR 44-45).

At step four, in light of her RFC, the ALJ determined Ms. Garcia would be unable to perform her past relevant work. (AR 45). However, at step five, the ALJ held that Ms. Garcia could perform other jobs existing in significant numbers in the national economy. (AR 46). Based on the VE's testimony, the ALJ concluded Ms. Garcia could work as a folder, dishwasher, or maid. *Id.* Given that finding, the ALJ decided Ms. Garcia was not disabled within the meaning of the Social Security Act and therefore was not entitled to either SSI or DIB. (AR 46-47).

5

### IV. Analysis

Ms. Garcia argues the ALJ failed to give adequate reasons for assigning Dr. Fink partial weight and rejecting portions of his opinion. (Doc. 17 at 2). Specifically, Ms. Garcia contends the ALJ's reasons were impermissible lay speculation and assumption. (Doc. 17 at 16-19). The Commissioner responds that the ALJ's reasons were reasonable and permissible, and points out that the ALJ's RFC mostly comports with Dr. Fink's findings. (Doc. 19 at 5-7).

ALJs must evaluate and weigh every medical opinion in the record. 20 C.F.R. §§ 404.1527(c), 416.927(c); *see* Social Security Ruling "SSR" 06-03p, 2006 WL 2329939 (Aug. 9, 2006). In deciding how much weight to give a source's opinion, the ALJ must consider the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, whether the opinion is supported by objective medical evidence, and whether the opinion is consistent with the record as a whole. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). An ALJ need not explicitly discuss every single factor. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Rather, the ALJ must "give good reasons" that are "sufficiently specific to make clear to any subsequent reviewers the weight" he gave to the opinion "and the reasons for that weight." SSR 96-2P, 1996 WL 374188 at *5 (July 2, 1996). Put differently, the reasons must be sufficiently specific to permit meaningful review. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that

6

conclusion."); *Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995) (reversing where ALJ listed factors considered but not specific evidence supporting conclusion).

In considering medical opinions, an "ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability." *Hamlin*, 365 F.3d at 1219. Rather, if an ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*. Finally, the ALJ may not reject a medical opinion based on lay speculations or assumptions, including an unsupported assumption that a medical opinion is based solely on a claimant's subjective statements. *See Langley*, 373 F.3d at 1121.

In this case, Dr. Fink evaluated Ms. Garcia on September 19, 2013. (AR 352). Dr. Fink's report begins by reciting Ms. Garcia's social and work history. (AR 352-53). According to Dr. Fink, Ms. Garcia was cooperative and friendly; however she was "relatively histrionic and impressionistic in the way she related" and her facial expressions were often exaggerated. (AR 353). "When asked a question," Ms. Garcia "would express exaggerated confusion or helplessness." *Id*.

In addition to interviewing Ms. Garcia, Dr. Fink administered several tests. Ms. Garcia was able to repeat three words after one repetition, though two required a brief delay. *Id*. Ms. Garcia was unable to do serial 7 subtractions, and when asked, "she protested and gave exaggerated expressions of helplessness and misunderstanding." *Id*. When switched to serial 3s, Ms. Garcia got 3 out of 5 correct. (AR 353-354). Dr. Fink

7

also administered a standard and extended Mini Mental Status Examination 2, as well as a Rey 15-item test, which, Ms. Garcia represents, is a test to detect malingering. (AR 354; Doc. 17 at 11).

Ultimately, Dr. Fink diagnosed Ms. Garcia with panic attacks without agoraphobia, histrionic personality disorder with some possible borderline features, and mild to moderate depression. (AR 354). Dr. Fink opined that Ms. Garcia's ability to understand or remember detailed or complex instructions "are possibly moderately impaired and no more than mildly [impaired] for short, simple instructions." (AR 354). Dr. Fink further opined that Ms. Garcia "probably will need some supervision to stay on task" and "has problems with social situations." *Id.* While Ms. Garcia may be able to adapt to new situations and interact short-term with the public, Dr. Fink believed Ms. Garcia will develop problems with both her coworkers and supervisors. *Id.*

As discussed, the ALJ assigned Dr. Fink's opinion "partial weight" to the extent it did not conflict with her RFC. (AR 44). The ALJ reasoned Dr. Fink based his opinion on claimant's representations rather than available evidence and that Dr. Fink's opinion was not supported by his examination. (AR 44-45). According to the ALJ, Ms. Garcia "appeared capable in most social situations." (AR 45). Notably, the ALJ's RFC did not account for any limitation in remembering or understanding complex instructions or Ms. Garcia's problems with coworkers and supervisors. (AR 38).

First, the Court discerns no evidence suggesting Dr. Fink based his opinion on Ms. Garcia's statements rather than his own evaluation and examination. As discussed, Dr. Fink performed three tests on Ms. Garcia and opined regarding her appearance, demeanor, and presentation. (AR 353). Dr. Fink's report does not merely parrot Ms.

Garcia's subjective complaints. Rather, the ALJ appears to have speculated on her own that Dr. Fink relied on Ms. Garcia's statements. Doing so was clearly error. *See Langley*, 373 F.3d at 1121.

The ALJ's second reason for rejecting Dr. Fink's opinion, that Ms. Garcia appears capable in most social settings, is similarly unsupported. Dr. Fink never opined that Ms. Garcia is generally comfortable in social settings; on the contrary, Dr. Fink expressly stated Ms. Garcia "has problems with social situations" and that she would have problems with coworkers and supervisors. (AR 354). Here again, this conclusion appears to be based on the ALJ's lay speculation and assumption about Ms. Garcia. Accordingly, the Court finds the ALJ did not follow the correct legal standards in rejecting Dr. Fink's opinion.

The Commissioner does not offer any evidence supporting the ALJ's decision. Rather she argues the ALJ "permissibly" found that Dr. Fink's opinion was based primarily on Ms. Garcia's representations and that the RFC is consistent with Dr. Fink's opinion "to a great extent." (Doc. 19 at 5-6). To be sure, an ALJ may reject a medical opinion as reliant on a claimant's subjective statements if there is an evidentiary basis. For instance, in *Lindley v. Colvin*, the ALJ rejected a physician's opinion because he did not rely on medical records and could not have performed a medical evaluation, given his opinion was about a claimant's past physical condition. 2016 WL 3227405 at *6 (D. Kan. June 13, 2016) (unpubslished). By contrast, in *Victory v. Barnhart*, the rejected medical opinion in question was supported by tests, evaluations, and reports. 121 Fed. Appx. 819, 823-24 (10th Cir. 2005) (unpublished). Here, as in *Victory*, the ALJ appears

to have ignored the tests and evaluation Dr. Fink performed and relied instead on her "speculative, unsupported assumption." *Id.* at 823.

As for the Commissioner's second argument, even assuming the RFC is consistent with Dr. Fink's opinion "to a great extent," the RFC completely omits Dr. Fink's opinion that Ms. Garcia requires special supervision to remain on task and will develop interpersonal problems with her coworkers and supervisors. (AR 354). As explained, if an ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7. In this case, the ALJ's given reasons were legally insufficient.

### V. Conclusion

For the foregoing reasons, the Court finds that the ALJ failed to follow the correct legal standards in rejecting Dr. Fink's opinion or support that rejection with substantial evidence. Because the Court remands on this ground, the Court need not evaluate Ms. Garcia's second argument regarding the ALJ's incorporation of Dr. Johnson's moderate limitations, as that issue may be mooted on remand. **IT IS THEREFORE ORDERED** that Ms. Garcia's *Motion To Reverse and Remand for Rehearing with Supporting Memorandum*, (Doc. 17), is **GRANTED**. This case is hereby **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE